# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ENRIQUE MADRID, a/k/a HENRY MADRID,

    Plaintiff,

vs.                                                         CIV 97-1076 JC

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on Plaintiff's Motion to Vacate Sentence Pursuant to § 2255 on the basis that Plaintiff received ineffective assistance of counsel during plea negotiations. The Plaintiff was indicted and convicted of conspiracy to launder money, money laundering and investment of illicit drug profits. Throughout the proceedings the Plaintiff was represented by Ralph Binford, Esq. of Deming, New Mexico. Mr. Binford was appointed by the Court, is a member of our Criminal Justice Act Panel and has been a criminal defense lawyer for approximately 25 years.

Prior to trial the government offered the defendant a plea agreement whereby he would receive a sentence of probation. After his trial and conviction, Mr. Madrid was sentenced to 57 months in prison. Although the government now takes the position that this case was not a sure winner, the outcome was never in doubt. It could easily be compared to the Great Marianas Turkey Shoot of World War II fame when on June 19, 1944, 374 Japanese planes were shot down.

In his testimony on August 6, 1998, Mr. Binford stated that he relayed the plea agreement to Mr. Madrid but made no recommendation. Basically he felt the case was deteriorating on a daily basis and that none of Mr. Madrid's proposed witnesses were going to be helpful to his case. Mr. Binford's testimony was to the effect that he did not advise his client whether or not to accept the plea agreement. Mr. Binford takes the position that it is the client's decision, and he apparently never gives any advice as to whether or not the plea should be accepted or rejected.

This case cried out for advice to accept the plea agreement. Mr. Madrid was, and probably still is, a very stubborn individual, but even the most mulish of people would have pled guilty to probation as against 57 months imprisonment after what would be a slam dunk trial. From where I was sitting, I did not think Mr. Madrid had a prayer of being acquitted.

The government cites me to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> sets forth a two-prong test: 1) defense counsel must be found to be ineffective, and 2) the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. I have no problem in finding that Mr. Madrid received ineffective assistance of counsel in the plea bargaining phase. The Sixth Amendment to the United States Constitution guarantees the right to counsel in a criminal trial. When your attorney simply hands you the plea bargain and in essence says, "Here it is. Take it or leave it," there is no assistance of counsel. Had Mr. Binford's runner simply delivered the plea agreement, we would have the same situation.

A more difficult question is whether the outcome would be different. Obviously after serving approximately three years in jail and having another two to go, I would anticipate that Mr. Madrid would have testified that he would have accepted the plea offer. However, since he had no advice whatsoever on whether or not to accept or reject the plea agreement, I believe the

second prong of Strickland needs no further analysis. Mr. Madrid was entitled to receive some input from his attorney. Mr. Binford had to explain to Mr. Madrid that without divine intervention he was going to be convicted and go to prison and that the plea agreement was in his best interest. Absent that type of discussion, I think prejudice must be assumed.

I am mindful of the dictates of Hill v. Lockhart, 474 U.S. 52 (1985) and U.S. v. Carter, 130 F.3d 1432 (10th Cir. 1997). I was the trial judge in Carter and found that defense counsel was not ineffective in plea negotiations. As to the prejudice prong, Judge Briscoe stated, "...there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty." Id. at 1442. I again reiterate that I believe the instant case is one where prejudice is presumed. Rather than receiving poor or dubious guidance, the defendant, in essence, had no counsel and no advice during the plea bargaining phase.

A case directly on point is Boria v. Keane, 99 F.3d 492 (2nd Cir. 1996), decision clarified on reh., 90 F.3d 36, cert. denied, Keane v. Boria, _____U.S. _____, 117 S.Ct. 2508 (1996). The petitioner alleges he was deprived of constitutionally adequate representation when counsel gave him no advice about the wisdom of accepting a plea bargain. The state offered a one- to three-year sentence, and after trial, the petitioner received a 20-year to life sentence. The attorney testified that he thought it was suicidal for the petitioner to reject the plea agreement; however, the testimony was clear that the attorney never suggested this to the petitioner. The attorney sought to justify this by saying that the petitioner would never admit his guilt or accept a plea. As to the ineffective assistance of counsel, the Boria court stated:

> There seems to be no Second Circuit decision
> dealing with the precise question of a criminal
> defense lawyer's duty when a defendant's best
> interests clearly require that a proffered plea bargain
> be accepted, but the defendant, professing

> innocence, refuses to consider the matter. *This lack of specific decision undoubtedly arises from the circumstance that such duty is so well understood by lawyers practicing in this Circuit that the question has never been litigated.*

Boria, 99 F.3d at 496. (emphasis added).

The Boria court then turns to what it characterizes as a finding that must be made under Strickland of "a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The Court says there would have been more than a reasonable probability that the petitioner's father would have been able to convince him to accept the plea agreement rather than to pursue his suicidal course. That is much the same as our present situation. Had Mr. Binford laid out all of the evidence of the government, a person with any common sense would have accepted the plea agreement rather than face 57 months in prison. As Mr. Binford said on page 57 of the uncertified rough draft transcript, "Trials are a crap shoot." That may or may not be true, but the player in that crap shoot should be told that the dice are loaded against him.

Having found defense counsel was ineffective and that there is a reasonable probability that the result of the proceeding would have been different except for counsel's ineffectiveness, I must now fashion a remedy. On August 22, 1996, the Tenth Circuit Court of Appeals affirmed the convictions of Mr. Madrid in an Order and Judgment. I have rejected Mr. Madrid's claims that the trial before me was affected by any constitutional or indeed any error. The plaintiff has already served approximately 36 months in prison as against being on probation. To the best of my knowledge, the government has forfeited most of plaintiff's property. Therefore, as was done in Boria, I am reducing plaintiff's sentence to time served, vacating the fine previously imposed and discharging the plaintiff from supervised release.

I do not think in good conscience I can allow Mr. Binford to continue on our CJA Panel without some oversight. If Mr. Binford wishes to continue on the CJA Panel, then I will require that he meet monthly for a period of six months with Robert Kinney, Esq., Assistant Supervisory Federal Public Defender, to review any cases assigned to him. At the end of that period of time, I would request that Mr. Kinney inform me of Mr. Binford's progress, or lack thereof, and the active judges of the district will then take the appropriate action.

Wherefore,

**IT IS ORDERED** that the Plaintiff's Motion to Vacate Sentence Pursuant to § 2255 is **granted**, and judgment in accordance with this opinion shall be prepared by the United States Probation Department.

DATED October 20, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Government:   Steve Kotz, AUSA
Attorney for Petitioner:   Marc Robert, Esq.